```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

RODNEY B. THOMAS,              §
(BOP No. 20813-112)            §
VS.                            §  CIVIL ACTION NO.4:09-CV-391-Y
                               §
                               §
COLE JETER, et al.             §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

The United States magistrate judge permitted plaintiff, Rodney B. Thomas, to proceed in the above-styled and numbered cause pursuant to 28 U.S.C. § 1915, and Plaintiff was ordered to pay the full filing fee consistent with the Prison Litigation Reform Act("PLRA"). By order of this Court, Thomas was then required to file a more definite statement as to particular factual allegations against the named defendants. Thomas timely filed a more definite statement. Thomas asserts claims against officials with FCI--Fort Worth arising from the time he was housed there in 2006.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006)(emphasis added).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 1999); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await any responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] The Court concludes that Plaintiff's claims must be dismissed.

*Bivens*

Throughout his complaint and more definite statement, Thomas alleges acts and events that took place only during the period of time he was housed at FCI--Fort Worth from February 1 until August 1, 2006. Thomas names several individual defendants including Cole Jeter; Sandra Butler; Hernan Reyes, M.D.; Paul Celestin; and Nurse Humphries. Thomas alleges the following as violations of his constitutional rights: the failure to timely provide him prescription eye drops; the failure to allow him to receive polarized eyewear from an outside-the-prison source; the failure to allow him to participate in weekly religious services; the failure to allow him access to the law library; the submission of false documents in response to his administrative grievances; and the

---

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

failure to provide him an "inmate companion" to assist him.[6] He seeks recovery of monetary damages under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[7]

The United States Court of Appeals for the Fifth Circuit held that a *Bivens* action is controlled by the applicable state statute of limitations.[8] In Texas the applicable limitations period is two years.[9] Thus, the applicable limitations period on a *Bivens* claim filed in Texas is two years.[10] A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[11] Federal courts look to federal law to determine when a civil-rights action accrues and, under federal law, a cause of action accrues when the plaintiff knows or has

---

[6]Thomas voluntarily withdrew the claim based upon failure to provide a companion, and thus such claim is dismissed under Federal Rule of Civil Procedure 41(a).(More Definite Statement at 22, response to 12.)

[7]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999)("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials")(citing *Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993)).

[8]*See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000)(citing *Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982)).

[9]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2009)(Texas's two-year personal injury limitations statute).

[10]*Brown,* 188 F.3d at 590 (citing *Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998)).

[11]*Moore,* 30 F.3d at 620 (citing *Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993)).

3

reason to know of the injury that is the basis for his action.[12] Under 42 U.S.C. § 1997e(a) prisoners are required to exhaust administrative remedies before filing suit with respect to prison conditions, and the statute of limitations is tolled while a prisoner fulfills this exhaustion requirement.[13]

Plaintiff's allegations concern events that took place between February 1 and August 1, 2006. Thomas knew of the injuries made the basis of this suit at the time they occurred. Yet, Thomas did not file this suit until July 2009, almost a year after the two-year limitations period expired. Thomas has provided with his more definite statement copies of several documents relating to his numerous overlapping efforts to administratively exhaust his claims for failing to be prescribed adequate eye drops or permitted to timely receive prescription eye drops, and to obtain polarized glasses.[14] (More Definite Statement (MDS) at 3-13, Exhibits attached thereto.) But all of Thomas's efforts to exhaust these claims through the administrative process, other than those claims that were duplicative, filed in the wrong place, or filed too late, were resolved in November and December of 2006. (MDS at 5-9.) Even assuming Thomas is afforded tolling credit for the administrative exhaustion until December 2006, his complaint filed in July 2009,

---

[12] See Harris v. Hegmann, 198 F.3d. 153, 157 (5th Cir. 1999)(citing Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992)).

[13] See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir. 2001).

[14] Thomas has not claimed or shown that he attempted to exhaust the claims related to denial of access to religious service, denial of access to the law library, or pertaining to the submission of false documents. Thus, there is no consideration regarding tolling for administrative exhaustion as to these claims.

4

is too late. Thus, Thomas's claims for violation of constitutional rights against the individual defendants under *Bivens* must be dismissed.

*Intentional Infliction of Emotional Distress*

Thomas also alleges a claim under Texas law for intentional infliction of emotional distress. The applicable statue of limitations on a claim for intentional infliction of emotional distress in Texas is two years.[15] Thus, for the same reason the *Bivens* claims are deemed filed outside the applicable two-year limitations period, so too are Thomas's claims under Texas law for intentional infliction of emotional distress, and such claims must be dismissed.

Furthermore, in order to prove intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff's emotional distress; and (4) the emotional distress was severe.[16] Whether a defendant's conduct is "extreme and outrageous" is a question of law.[17] The mere fact that a defendant's conduct is tortious or otherwise wrongful does not, standing alone,

---

[15] *Hawkins v. Frank Gillman Pontiac,* 102 Fed. Appx. 394, 399 (5th Cir. 2004)(citing TEX. CIV. PRAC. & REM. CODE § 16.003).

[16] *See Hughes Training Inc. v. Cook*, 254 F.3d 588, 594 (5th Cir. 2001), *cert. den'd,* 534 U.S. 1172 (2002); *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001); *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000).

[17] *Bradford*, 48 S.W.3d at 758; *Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex. 1999).

5

necessarily render it "extreme and outrageous."[18] For conduct to be considered extreme and outrageous, it must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[19] Plaintiff Thomas has not alleged facts sufficient to support these elements of a claim of intentional infliction of emotional distress, and thus, such claim must be dismissed for this alternative reason.

*FTCA*

In his complaint and more definite statement, Thomas refers to his filing of administrative claims for federal tort-claim relief, and in his more definite statement he expressly names as a defendant the United States of America for a cause of action under the Federal Tort Claims Act ("FTCA").  The FTCA provides that the jurisdiction authorized under 28 U.S.C. § 1346(b) for civil actions for loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, is an exclusive remedy against the United States.[20]  The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit."[21] The Supreme Court has

---

[18]*Brewerton*, 997 S.W.2d at 216.

[19]*City of Midland*, 18 S.W.3d at 217 (internal quotations omitted).

[20]28 U.S.C.A. § 1346(b)(West 2006);28 U.S.C.A. § 2679(b)(1)(West 2006).

[21]*United States v. Testan,* 424 U.S. 392, 399 (1976).

6

recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."[22] One of the prerequisites to filing suit under the FTCA is that the claimant must have first presented the claim to the appropriate Federal agency, and obtained either a written denial or await six months after filing to deem the agency decision as a final denial.[23] Thereafter, any suit must be commenced within six months of the date of mailing of the notice of final denial by the agency to which it was presented.[24] The six month limitation period begins the day after the denial notice is sent and ends the day before the same calendar date six months later.[25]

Thomas acknowledges that he phrased many of his claims for relief in a separate claim for administrative settlement to the BOP. Thomas provided a copy of the July 10, 2008, letter from the BOP regional counsel denying such claim.(MDS at Exhibit A-10.) In the letter, Thomas was informed of the requirement that he file suit within six months from July 10, 2008. This suit was not filed until July 6, 2009. Thus, all of Thomas's claims under the FTCA must be dismissed.

*ADA*

---

[22] *Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)(citations omitted).

[23] 28 U.S.C.A. § 2675(a)(West 2006).

[24] 28 U.S.C.A. § 2401(b)(West 2006).

[25] *Scott v. United States Veteran's Admin.,* 929 F.2d 146, 147 (5th Cir. 1991)(citing *Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir. 1987)).

Thomas also asserts a violation of Title II of the Americans with Disabilites Act ("ADA"),[26] which prohibits discrimination against the disabled by a public entity. But as the definition of "public entity" does not include the federal government,[27] Title II of the ADA has been found to not cover the Bureau of Prisons ("BOP").[28] Furthermore, individuals may not be sued under the provisions of Title II of the ADA.[29] Thus, Thomas's claims under the ADA must be dismissed.

*18 U.S.C. § 4042*

Plaintiff Thomas also contends that he is entitled to relief under 18 U.S.C. § 4042. That section provides in relevant part that the "duties" of the BOP include providing "suitable quarters" and "for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States."[30] Although the Fifth Circuit has not ruled on whether this statute creates a private cause of action, the circuits that have considered the

---

[26] 42 U.S.C.A. §§ 12131-12165 (West 2005 and West Supp. 2010).

[27] 42 U.S.C.A. § 12131(1)(A)-(C)(West 2005).

[28] *Chamberlain v. Chandler,* 344 Fed. Appx. 911, 913 (5th Cir. Sep. 15, 2009)(affirming dismissal of ADA claims against Bureau of Prisons on the basis that ADA is not applicable to the federal government); *see also Marlin v. Alexandre,* 254 Fed. Appx. 374, 375 (5th Cir. Nov., 15, 2007), *cert. den'd,* 128 S.Ct. 1890 (2008).

[29] *See Marlin v. Davee,* No.1:07-CV-131, 2009 WL 2970513, at *5 (E.D. Tex. 2009)("[T]he Fifth Circuit has determined that plaintiff may not sue either individual defendants or the Bureau or Prisons under the ADA in a recent decision")(citing *Marlin,* 254 Fed. Appx. at 375); *see also Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n.8 (8th Cir. 1999), *cert. granted*, 528 U.S. 1146, *cert. dismissed,* 529 U.S. 1001 (2000); *see also Montez. Et al., v. Romer, et al.,* 32 F.Supp. 2d 1235, 1240-41 (D.Colo. 1999)(concluding that individual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the ADA).

[30] 18 U.S.C.A. § 4042(a)(2)(West 2000).

8

issue have found that it does not create a private cause of action against the BOP or its officers and employees.[31] Consistent with this persuasive authority, this Court determines that 18 U.S.C. § 4042(a)(2) does not create a private cause of action, and Plaintiff's claims thereunder must be dismissed.[32]

*Official Capacity*

Thomas has named the individual defendants in an official capacity. But an action against a federal government official named in an official capacity constitutes an action against the United States; and *Bivens* claims against the United States and its agencies are barred by sovereign immunity.[33] As the Fifth Circuit has noted, an "inmate may bring a[n] . . . action [under *Bivens*] against individual officers for a[n] alleged constitutional violation, but he may not bring an action against the United States, the BOP, or BOP officer in their official capacities as such claims are barred by the doctrine of sovereign immunity."[34] Thus, Thomas's claims against the individual defendants in an official capacity must be dismissed.

---

[31] *See Harper v. Williford*, 96 F.3d 1526, 1528 (D.C.Cir.1996); *Chinchello v. Fenton*, 805 F.2d 126, 134 (3d Cir.1986); *Williams v. United States*, 405 F.2d 951, 954 (9th Cir.1969); *see also Nwabo v. Hawk-Sawyer,* No.03-4184, 2004 WL 950073 (6th Cir. 2004)(unpublished).

[32] *See Inciarte v. Spears, No. 97 Civ. 3155(HB),* 1998 WL 190279, at *5 (S.D.N.Y. April 20, 1998)(citing *Harper, Chinchello* and *Williams*)(other citations omitted); *cf Muhammed* v. United States, 6 F.Supp. 2d 582 (N.D.Tex. 1996)(§ 4042 creates private cause of action).

[33] *Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994).

[34] *Gibson v. Federal Bureau of Prisons,* 121 Fed. Appx. 549, 551 (5th Cir. 2004)(per curiam)(citing *Correctional Servs. Corp. V. Malesko,* 534 U.S. 61, 71-72 (2001).

Therefore, Rodney B. Thomas's claim that he was not provided an "inmate companion" is DISMISSED WITHOUT PREJUDICE.

All of Thomas's remaining claims are DISMISSED WITH PREJUDICE to their being refiled pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED June 8, 2010.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE